Lanzinger, J.,
dissenting.
{¶ 33} I respectfully dissent from the illogical conclusion that relators have established entitlement to a writ of mandamus in this case.
{¶ 34} The Blanks and Kardassilarises complain of damage to their parking lots from heavy construction equipment. This is simply not a taking for which the state may be forced to commence appropriation proceedings. The majority’s justification for its conclusion comes out of the blue: “While the state may not have intended this result, given the size and weight of the equipment involved as well as the extent of the encroachment, we conclude that the state acted with knowledge amounting to a substantial certainty that its conduct would cause such damage.” (Emphasis added.) Majority opinion at ¶ 31.
{¶ 35} As noted by the majority, the state obtained permanent and temporary easements over portions of the Blanks’ and Kardassilarises’ property so that it could use that property in completing the project. Typically, easements such as these serve as sites where contractors operate, store, and park construction equipment when they are unable to do so on the appropriated land. The state provided for potentially damaging construction activities to be confined to the area over which it had obtained easements. The negligence of the contractors should not be imposed on the state. I would therefore hold that the damage to relators’ parking lots was not a necessary consequence of the state’s roadway project.
{¶ 36} Indeed, this is an action for damage to property. The relators may seek compensation from any negligent contractors that caused the damage. Because I *310 cannot agree that the relators have established a compensable taking by the state, I respectfully dissent.
Frank R. Bodor, for relators.
Richard Cordray, Attorney General, and L. Martin Cordero and Richard J. Makowski, Assistant Attorneys General, for respondent.
Moyer, C.J., concurs in the foregoing opinion.